USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

ZIMMER BIOMET SPINE, INC. and
ZIMMER BIOMET NEW YORK, INC.,

                      Plaintiffs,

             -v-

LOU MAGRONE,

                      Defendant.

No. 1:19 Civ. 08247-RA

-----------------------------------------------------------

## STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL DISCOVERY MATERIAL

Upon motion of the parties for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1),

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order applies to all documents and other products of discovery, all information derived therefrom and including, but not limited to, all copies, excerpts or summaries thereof, obtained by the plaintiffs or the defendant pursuant to the requirements of any court order, the requirements of self-executing discovery, requests under Rule 34 of the Federal Rules of Civil Procedure, answers to requests for admissions under Rule 36 of the Federal Rules of Civil Procedure, answers to interrogatories under Rule 33 of the Federal Rules of Civil Procedure, transcripts of depositions under Rule 30 or Rule 31 of the Federal Rules of Civil Procedure, and subpoenas served on non-parties under Rule 45 of the Federal Rules of Civil Procedure (hereinafter "Discovery Material").

2. The parties have agreed that Confidential Discovery Material will be used only for the above-captioned litigation ("Litigation"), including any appeals of this Litigation. Confidential Discovery Material will not be disclosed except in accordance with paragraph 7.

    (a) Prior to giving access to Discovery Material designated as Confidential pursuant to paragraph 3 of this Order, any person falling within subparagraphs 7(b) (if that person is the representative of a party that is a legal entity), 7(e), 7(g), 7(h), or 7(i), counsel for the party intending to disclose such Confidential Discovery Material shall furnish a copy of this Order to the person being given access. Any person falling within subparagraphs 7(b), if that person is the representative of a party that is a legal entity, 7(e), 7(g), 7(h), or 7(i) who is given access to Confidential Discovery Material shall execute a copy of this Protective Order in the space

provided on Exhibit A. The counsel obtaining the signature on Exhibit A shall retain the signed copy during the pendency of the Litigation.

3. Persons, including, but not limited to, parties and non-parties, producing Discovery Material may designate as "Confidential" or "Attorney's Eyes Only" portions of Discovery Material containing trade secrets, confidential or proprietary information, including but not limited to research, development, manufacturing, pricing, customer lists, business strategies and marketing, sales and profit information, staffing and personnel data, salary information, benefit information, information provided by customers, or other information as to which disclosure beyond the terms of this Order would be harmful (hereinafter, "Confidential Discovery Material").

(a) Without prejudice to the right of a party to object to the production or designation of the following information or the right of a party to seek production of the same, the Confidential Discovery Material subject to such designation shall include all materials not available to the general public, including without limitation trade secrets, know-how, proprietary data, and/or other technical, commercial, business, financial, or personal information;

(b) "Attorney's Eyes Only" information shall include highly sensitive personal information and/or highly sensitive business confidential information which could, if placed in the hands of a competitor or other third party, place the designated party at a competitive disadvantage, including without limitation:

1) Customer names and addresses/contact information;

2) Proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding medical device products, devices and supplies, whether previously or currently marketed or under development;

3) Clinical studies and related documents and other information to the extent not otherwise publicly available;

4) Information concerning competitors not otherwise publicly available;

5) Production, quality control and quality assurance information;

6) Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure;

7) Personnel records and personal information of a sensitive nature, including medical records, personal identifiers, financial information, and other information which justice requires to protect in order to prevent annoyance, embarrassment or oppression;

8) Non-public, commercial, sales, pricing, or profits information; and

  9) Other information as to which disclosure beyond the terms of this Order would be harmful.

(c) The confidentiality of this information must be preserved to safeguard the parties' competitive position in the marketplace and to prevent annoyance, embarrassment or oppression. The parties submit that the public disclosure of these documents could provide the parties' competitors with secret information that could be adversely used to the detriment of the parties' marketing, development, and sales efforts here in the United States and abroad.

(d) All designations of Discovery Material as "Confidential" or "Attorney's Eyes Only" or otherwise subject to this Order shall be made in good faith.

(e) The producing party shall not designate as confidential any Discovery Materials (1) already lawfully in the public domain or otherwise lawfully available to the public; or (2) where there has been a ruling from any Court that the Discovery Material is not confidential; or (3) when such a designation would violate Federal Rule of Civil Procedure 26(c) or other applicable laws, rules or statutes.

  4. Confidential Discovery Material, if a writing, shall have some version of the following language stamped on the face of the writing, or shall otherwise have such language clearly marked:

***"CONFIDENTIAL"***
***"ATTORNEY'S EYES ONLY"***

(a) Such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the receiving party for copying. The stamp shall be affixed in such a manner as to not obliterate or obscure any written matter.

(b) No original documents may be altered with a confidential marking. Only copies of original documents may be marked confidential. If an original document is to be produced, the producing party must give written notice at the time of its production that the document is an original. If the producing party asserts confidentiality over the original document, that must be done at the time of production in a written statement accompanying the document.

(c) In the case of deposition testimony, confidentiality designations shall be made within thirty (30) days after the transcript has been received by counsel making the designation, and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30-day period, the entire text of the deposition, including all testimony therein and exhibits thereto (except for exhibits that were previously produced without being marked confidential), shall be treated as Confidential Discovery Material under this Protective Order. Those portions of depositions and exhibits, if any, designated Attorney's Eyes Only or Confidential shall be treated and remain as such unless withdrawn by the designating person or successfully challenged pursuant to paragraph 11. After the expiration of the 30-

day period, only the specific page(s) and line number(s) and exhibits designated as being Confidential Discovery Material or Attorney's Eyes Only Confidential Discovery Material, if any, shall be treated as such.

(d) In the event that the producing person inadvertently fails to designate Discovery Material as confidential in this or any other litigation, it may make such a designation subsequently by notifying all parties to whom such Discovery Material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated Discovery Material as confidential, subject to their right to dispute such designation in accordance with paragraph 11 herein. However, no use of Discovery Material prior to such notification shall be deemed a violation of this Order.

5. In the event that any question is asked at a deposition which a party or nonparty asserts calls for confidential information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law. If the information is asserted to be Attorney's Eyes Only, persons other than the court reporter and persons listed in paragraph 7(a) shall leave the room while the information is provided. Counsel for the deponent shall, either at the deposition or within thirty (30) days after receipt of the transcript thereof by said counsel, notify all counsel on the record or in writing, that the information provided in such answer is designated as Confidential Discovery Material. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorney's Eyes Only" with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" or "Attorney's Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

6. Confidential Discovery Material shall be used solely for the purposes of this Litigation and for no other purpose without prior written approval from the Court or the prior written consent of the producing person.

(a) All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

7. Confidential Discovery Material shall not be disclosed to anyone other than the following categories of persons:

(a) Attorneys of record and responsible in-house counsel for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) The party or one party representative;

(c) The Court (and any appellate court), including Court personnel, jurors, and alternate jurors;

(d) Court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts;

(e) Retained experts, advisors and consultants (including persons directly employed by such experts, advisors and consultants), but only to the extent necessary to perform their work in connection with this Litigation;

   1. If a party or his or its counsel wish to disclose Confidential Discovery Material to an expert, advisor, or consultant who is currently an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged in the research, design, development, manufacture, sale, or distribution of any medical device product, counsel shall promptly so notify the opposing party's counsel, including with such notification a copy of the expert's curriculum vitae prior to disclosing any Confidential Discovery Material to that expert, advisor or consultant.

   2. Within five (5) business days of receiving such notification and curriculum vitae, the producing party shall notify the other party's counsel whether the producing party objects to the disclosure of Confidential Discovery Material to the proposed expert. Any such objection shall be made in good faith and on reasonable grounds.

   3. If an objection is made and not resolved by the parties, the party objecting to disclosure shall file a motion in support of that objection within seven (7) business days of the objection. Under no circumstances shall Confidential Discovery Material be disclosed to an expert, advisor, or consultant who is currently an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged in the research, design, development, manufacture, sale, or distribution of any medical device product unless and until the parties resolve the matter, the objection is withdrawn, the Court permits disclosure, or the party fails to object to such disclosure or file a motion in support of their objection within the times specified herein (or other schedule agreed among the parties).

(f) The author or recipient of the Confidential Discovery Material.

(g) Such persons as both the undersigned counsel shall consent to in writing before the proposed disclosure.

(h) Any person whose testimony has been noticed or subpoenaed, or who has been designated as a witness at a deposition or at trial. The Confidential Discovery Material (other than that designated "Attorney's Eyes Only") may be disclosed to such persons before, during, or after their testimony, so long as prior to the disclosure the witness has agreed to abide by the terms of this Protective Order as set forth in paragraph 2(a) and the disclosure is made in good faith. However, if the witness is currently an employee, officer, director, contractor, subcontractor or

consultant of any entity that is presently engaged in the research, design, development, manufacture, sale, or distribution of any medical device product, the party must also first receive the written consent of opposing counsel, or obtain an Order from the Court permitting the disclosure to the witness.

8. "Confidential Discovery Material" shall not be disclosed or made available by the receiving party to persons other than those persons identified in paragraph 7. Information designated as "Attorney's Eyes Only" shall be restricted in circulation to those persons described in paragraph 7(a) above.

9. All outside counsel, in-house counsel, plaintiff's counsel, defendants' counsel, in-house paralegals and the employees and assistant of all counsel receiving discovery shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material other than in accordance with the terms of this Order.

10. Disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

11. If at any time a party wishes for any reason to dispute a designation of Discovery Material as confidential hereunder, such party shall notify the designating person of such dispute in writing, specifying the Discovery Material in dispute and the nature of the dispute. The parties and producing non-party shall then meet and confer in good faith within 10 days regarding the issue. If the parties and producing non-party are unable to amicably resolve the dispute, the disputing party may apply by motion to the Court for a ruling as to whether the designated Discovery Material may properly be treated as confidential. The designating person shall have the burden of proof on such motion to establish the propriety of its confidentiality designation.

    (a)    All Discovery Material designated as confidential under this Order, whether or not such designation is in dispute pursuant to paragraph 11 above, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

        1.    The producing person agrees in writing that the material is no longer confidential and subject to the terms of this Order; or

        2.    This Court enters an Order that the matter shall not be entitled to confidential status.

    (b)    In the event that Discovery Material marked as confidential loses its confidential status, that Discovery Material shall not be treated as confidential. The producing person shall re-produce the Discovery Material with a new bates number, and without a confidential marking.

    (c)    The parties shall negotiate in good faith before filing any motion relating to this Order.

12. Any non-party may subscribe to the terms and protections of this Protective Order by designating Discovery Materials that the non-party is producing (whether written documents, deposition testimony, or other) as set forth in paragraph 4.

13. Prior to filing a motion seeking to file any Confidential Discovery Material with the Court, the party seeking to file such material shall notify all parties and the producing person of the specific Confidential Discovery Materials to be filed and shall withhold filing for seven days following that notification.

14. Nothing in this Order abridges the right of any person, including any interested member of the public, to challenge any subsequent sealing or redaction of particular documents by application to the Court.

15. Nothing in this Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any Discovery Material produced or provided by that party, including Discovery Material designated as confidential, provided that such Confidential Discovery Material is not used for any purpose other than those defined in paragraphs 2 and 6.

(a) Nothing shall prevent disclosure beyond that required under this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

(b) No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Order.

16. This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Protective Order imply that Discovery Material designated as confidential under the terms of this Protective Order is properly discoverable, relevant or admissible in this or any other litigation.

17. The entry of this Protective Order shall be without prejudice to the rights of the parties or of any non-party to assert or apply for additional or different protection at their discretion.

18. All counsel of record in this litigation shall make a good faith effort to comply with the provisions of this Protective Order and to ensure that their clients do so. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

19. The terms of this Order shall survive and remain in effect after the termination of this Litigation. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of this Litigation.

20. Within thirty (30) days of the termination of this Litigation as to the producing person, including all appeals, the parties shall return to counsel for the producing person the Confidential Discovery Material produced by the other party or non-party and all copies thereof, or the parties and producing non-parties may agree upon appropriate methods of destruction.

However, Confidential Discovery Material that is maintained by counsel as an exhibit to a document that had been filed with the Court is not subject to this paragraph.

21. If Confidential Discovery Material in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without waiting ten (10) business days after first notifying counsel for the producing party in writing of: (a) the information and documentation which is requested for production in the subpoena; (b) the date on which compliance with the subpoena is requested; (c) the location at which compliance with the subpoena is requested; (d) the identity of the party serving the subpoena; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

22. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing person shall promptly notify the receiving party in writing of such inadvertent production. However, no use of such documents by the recipient(s) of those documents prior to such notification shall be deemed a violation of this Order. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them, unless otherwise permitted by the Court. The party returning such material may move the Court for an order compelling production of the material.

23. The agreement of the parties to entry of this Order shall not constitute an admission by any party that any document designated as "Confidential Discovery Material" by any other party is, in fact, confidential or qualifies as a trade secret.

24. This Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial. Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern the use of Confidential Discovery Material at a hearing or trial.

25. This Order shall not prevent persons bound hereby from making use of information or documents without the restrictions of this Order if the information or documents (a) are already lawfully in the public domain or are otherwise lawfully available to the public; or (b) were produced in this or in any related state or federal court litigation in which such information was not designated as "confidential" or subject to a protective order or court order as "confidential" or subject to confidential treatment; or (c) where there has been a final determination from any Court (including any appeal from a ruling or order) that the Discovery Material is not confidential.

_____
UNITED STATES DISTRICT COURT JUDGE

3-4-20

**APPROVED AS TO FORM AND CONTENT:**

_____  
Joshua B. Fleming, *admitted PHV*  
Quarles & Brady LLP  

Eric J. Goldberg  
Michael H. Bai  
LITTLETON PARK JOYCE UGHETTA &  
KELLY LLP  
*Counsel for Plaintiffs*

_____  
John P. Barry  
Alychia L. Buchan  
Proskauer Rose LLP  
*Counsel for Defendant*

This stipulation binds the parties to treat as confidential the documents so classified. The Court makes no finding as to whether the documents are confidential. Moreover, the Court does not endorse any provision which purports to authorize the parties to file documents under seal without a prior court order.

# EXHIBIT A

## Endorsement of Protective Order

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the Stipulated Protective Order Concerning Confidential Discovery Materials attached hereto and I understand its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court for the Southern District of New York in which the action of *Zimmer Biomet Spine, Inc. and Zimmer Biomet New York, Inc. v. Lou Magrone* is pending, and binds me to the provisions of the Stipulated Protective Order Concerning Confidential Discovery Materials, including to all promises undertaken in the Order, as if originally agreed by me.

**FURTHER AFFIANT SAYETH NOT:**

This _____ day of _____, 2020.

_____
Signature

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2020.

_____
NOTARY PUBLIC

{SEAL}    My Commission Expires: _____
         Resident of _____ County

QB\990327.00382\61352142.1